

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Francis Veasey v. Mike Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2491

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Francis Veasey v. Mike Fisher" (2009). *2009 Decisions*. Paper 1998.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1998

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-63**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2491
_____

FRANCIS VEASEY,
                                          Appellant

v.

MIKE FISHER;
TOM CORBETT, Attorney General, Pennsylvania;
JEFFERY BEARD, Secretary, Pennsylvania Department of Corrections;
LOUIS FOLINO, Superintendent, SCI-Greene;
DEAN GEEHRING, Superintendent, SCI-Greene;
CAPTAIN WINFIELD, Shift Commander, SCI-Greene;
LIEUTENANT TONY, Shift Supervisor, SCI-Greene;

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-01446)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 24, 2008

Before:  BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed January 22, 2009)
_____

OPINION
_____

PER CURIAM

Francis Edward Veasey filed *pro se* an action under 42 U.S.C. § 1983 alleging violations of his civil rights by the current and former Attorney General, the Secretary of the Pennsylvania Department of Corrections, and four employees of the Department of Corrections. For the reasons that follow, we will affirm.

I. Background

This action was filed while Veasey was incarcerated at the State Correctional Institution at Fayette. In his original complaint, filed in the Eastern District Court of Pennsylvania, Veasey alleged irregularities in the handling of his legal mail resulting from a change in policy in March 2002. Following a change in venue to the Western District of Pennsylvania, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. Defendants' motion argued that claims arising from events prior to February 1, 2005, were time barred and that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In support of their motion, Defendants included an affidavit from Dorina Varner, the Assistant Chief Grievance Coordinator, who stated that Plaintiff did not exhaust his administrative remedies with regard to his legal mail. Plaintiff was ordered to file a response by January 11, 2008. Plaintiff did not file a response to Defendants' motion. The District Court adopted the Magistrate's Judge's conclusion that Plaintiff did not exhaust administrative remedies with regard to his legal mail and granted the Defendants' motion. Plaintiff timely appealed.

2

II. Standards

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F. 3d 228, 231 (3d Cir. 2001). Entry of summary judgment is appropriate when pleadings, discovery materials and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When a moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and point to "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If that does not happen, the moving party is entitled to a judgment as a matter of law. Celotex Corp., 477 at 323.

III. Discussion

No prisoner may file an action in federal court with respect to prison conditions without first exhausting all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion is mandatory. See Booth v. Churner 532 U.S. 731, 741 (2001). The exhaustion requirement includes a procedural-default component, and a prisoner must comply with the prison grievance procedures to properly exhaust his claims. Spruill v. Gillis, 372 F.3d 218, 230-31 (3d Cir. 2004). Pursuant to Pennsylvania's Inmate Grievance System, Policy Number DC-ADM 804, an inmate must submit each grievance

3

through three administrative levels to exhaust it.  Id. at 232.

Here, Veasey presented no evidence in response to the Defendants' motion that he did not exhaust his administrative remedies.  Defendants' motion included the affidavit from the assistant grievance coordinator, averring that Veasey never exhausted a single grievance with regard to his inmate mail.  In response to the motion, Veasey failed to point to any evidence suggesting that he did in fact exhaust administrative remedies concerning inmate mail.   Accordingly, we will affirm the District Court's order granting summary judgment on the basis of non-exhaustion.